TOWN OF SHREWSBURY *vs.* COMMISSIONER OF THE DEPARTMENT OF ENVIRONMENTAL PROTECTION & another.[1] No. 94-P-151. April

---

[1]Westborough Treatment Plant Board.

24, 1995. *Administrative Law*, Substantial evidence. *Environment*, Air pollution.

In February, 1991, the Department of Environmental Protection (department) issued an order to the Westborough Treatment Plant Board (board) requiring the board to cease composting operations at its wastewater treatment facility until additional air pollution odor control technology was installed and operational. The department's order was affirmed after an adjudicatory hearing but then reversed by a Superior Court judge, pursuant to G. L. c. 30A, § 14A, on the appeal of the town of Shrewsbury, one of the three towns served by the facility. Concluding that the department's order was supported by substantial evidence, we reverse the judgment.

1. *The administrative proceedings.* Evidence was presented at the adjudicatory hearing to show that in June, 1989, the board shut down the facility's composting operation and spent over one million dollars on modifications to the building and equipment in an attempt to alleviate emanating odors which had been the subject of complaints to the department from surrounding households and businesses. During this shut-down period, the department received some complaints, but it also received thank-you letters from residents who described how, unlike in the past, they now could use their property for pool parties, barbecues, and other recreational purposes.

Soon after the facility resumed its composting operations in May, 1990, the department once again began to receive hundreds of complaints, a large percentage of which came from two households, concerning odors from the facility's composting operations. During several inspections of the facility by investigators from the department, the investigators detected extremely strong composting odors.

As observed by the administrative law judge, the board offered nothing to contradict the substance of the numerous complaints concerning the offensive odors claimed to be coming from the facility. Instead, it presented a report prepared by an engineering firm which showed that the facility's operations had not created a condition of air pollution. However, the administrative law judge found that the report had "virtually no probative value" because there was nothing to show the accuracy of the procedures used in obtaining the air samples and analyzing the data that formed the basis of the report or whether the modeling technique adopted by the firm had validity and was accepted by the scientific community. There was, however, conflicting evidence which showed that the firm's modeling technique had proved, on several occasions, to be inaccurate. The administrative law judge concluded that the thank-you and subsequent complaint letters to the department and the results of the inspections conducted by the department's investigators provided a sufficient basis upon which to conclude that the odors emitted from the board's compost facility constituted a condition of air pollution.

2. *Substantial evidence of air pollution.* In determining that the department's decision was not based upon substantial evidence, the Superior Court judge ruled that, although the department's record of the citizen's complaints was admissible as a business record, see G. L. c. 233, § 78, the substance of the complaints was inadmissible, "second level," hearsay. See *Wingate* v. *Emery Air Freight Corp.*, 385 Mass. 402, 405-407 (1982). He then reasoned that, because of the inadmissibility of the substance of the complaints and because the department did not present any scientific evidence, the decision was based upon no more than the "sniff test" conducted by the department's investigators.

Even assuming that the substance of the citizen complaints was second-level hearsay, it was open to the administrative law judge to find it nonetheless probative. There was never any real dispute about the fact that there had been numerous complaints about odors from the facility. Additionally, the hearsay was corroborated by the fact that when the facility was closed, the number of protests dropped drastically and the department received letters of gratitude from property owners concerning their ability to use and enjoy their yards. Moreover, the declarants of a large number of the complaints were present at the hearing and available for cross-examination. See *Embers of Salisbury, Inc.* v. *Alcoholic Beverages Control Commn.*, 401 Mass. 526, 530-531 (1988). Shrewsbury's real argument before us is that as a large number of the complaints came from the same declarants, they were entitled to little, if any, weight. However, the department was the "sole judge of the credibility and weight of evidence before it during the agency proceeding." Id. at 529, quoting from *Number Three Lounge, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. 301, 309 (1979). It was error for the Superior Court judge to reject the administrative law judge's use of the hearsay evidence without regard for its reliability and probative value. See *Embers of Salisbury, Inc.* v. *Alcoholic Beverages Control Commn.*, 401 Mass. at 530.

As defined by the department, air pollution means, in relevant part, the "presence in the ambient air space of one or more air contaminates. . . of such duration as to: . . . cause a nuisance. . . or. . . unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business." 310 Code Mass. Regs. § 7.00 (1990). There is nothing in *Brookline* v. *Commissioner of the Dept. of Envtl. Quality Engr.*, 387 Mass. 372, 378-380 (1982), which required the department to base its decision, that the facility's composting operation created a condition of air pollution, upon scientific evidence. The scientific evidence presented by Shrewsbury and the board was found by the administrative law judge, based upon specific reasons, "to have virtually no probative value." It was not open to the Superior Court judge to disagree with those reasons or to disregard the detection of strong odors by the department's inspectors. See *Number Three Lounge, Inc.* v. *Alcoholic Beverages Control Commn.*, 7 Mass. App. Ct. at 309.

3. *Conclusion.* Because the department's decision was based upon substantial evidence, citizen complaints and inspections of the facility, it should have been affirmed. Accordingly, the judgment of the Superior Court is reversed.

*So ordered.*

*Margaret Van Deusen*, Assistant Attorney General, for the defendant.
*T. Philip Leader*, Town Counsel, for the plaintiff.